**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

        **Case No. 2:19-cr-223(1)**

    **vs.**        **CHIEF JUDGE MARBLEY**

**JOSE LUIS ROSALES-OCAMPO**

## REPORT AND RECOMMENDATION

Defendant Jose Luis Rosales-Ocampo previously pleaded not guilty to an *Indictment* charging him with one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 1); 40 counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 2 (Counts 13-33, 60-68, 75-84), one count of conspiracy to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846, 841 (Count 85), and one count of conspiracy to possess with intent to distribute 40 grams or more of fentanyl and 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841 (Count 86). *Indictment*, ECF No. 23. The United States and defendant thereafter entered into a plea agreement, executed pursuant to the provisions of Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to Count 1.[1] On June 24, 2020, defendant, represented by his counsel and assisted by a Spanish interpreter, participated in a change of plea proceeding.

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty

---

[1] Under the *Plea Agreement,* ECF No. 67, defendant agreed to the forfeiture provision in the *Indictment*. The *Plea Agreement* also includes an appellate waiver provision that preserves only certain claims for appeal. In the *Plea Agreement*, defendant also acknowledged the likely immigration consequences of his guilty plea.

plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

Defendant also consented, after consulting with his counsel, to appearing by videoconference.

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges against him in the *Indictment* and the consequences of his plea of guilty to Count 1. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on February 19, 2020, represents the only promises made by anyone regarding the charges against him in the *Indictment*. Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the statement of facts supporting the charges, which is attached to the *Plea Agreement*. He confirmed that he is pleading guilty to Count 1 of the *Indictment* because he is in fact guilty of that offense. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea to Count 1.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Indictment* be accepted.  Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).


June 24, 2020                              *s/  Norah McCann King*
 Date                                      Norah McCann King
                                    United States Magistrate Judge

3