IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | Case No. 2:19-cr-00223 |
| : | |
| v. : | Chief Judge Algenon L. Marbley |
| : | |
| JOSE ROSALES-OCAMPO, : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant's Amended Motion for Compassionate Release (ECF No. 251). For the reasons that follow, Defendant's Motion is **DENIED.**

I. BACKGROUND

Defendant Jose Rosales-Ocampo seeks compassionate release under 18 U.S.C. § 3582(C)(1)(A). Mr. Rosales-Ocampo is currently serving a 144-month term of imprisonment resulting from his plea to one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). (ECF No. 196). The Government dismissed the other 88 counts with which Mr. Rosales-Ocampo was originally charged. (*Id.*). Mr. Rosales-Ocampo has been in custody since his arrest on September 19, 2019. (ECF No. 13). He is currently confined at Mendota FCI with a projected release date of December 9, 2029. (ECF No. 251 at 3).

On January 14, 2022, Mr. Rosales-Ocampo submitted a request for compassionate release to the warden of Mendota FCI. (*Id.* at 9). The Facility Administrator soon thereafter issued a letter to Mr. Rosales-Ocampo rejecting the request. (ECF No. 253-1). Mr. Rosales-Ocampo, proceeding *pro se*, filed his Motion for Compassionate Release with the Court on March 2, 2022. (ECF No. 246). He then filed an Amended Motion for Compassionate Release on September 16, 2022,

1

following this Court's appointment of counsel to represent him in this matter. (ECF No. 251). In his motion, Mr. Rosales-Ocampo argues that his documented medical history makes him "unusually susceptible" to the ongoing COVID-19 and "Monkey Pox" crises that have "afflict[ed] his place of confinement." (*Id.* at 1). He also alleges that he suffers from several health conditions that have worsened since his incarceration, including hypertension, hyperlipidemia (high cholesterol), prediabetes, and an enlarged prostate. (*Id.* at 4). As such, he contends, his situation presents an extraordinary and compelling reason justifying release under 18 U.S.C. § 3582(c)(1)(A). Mr. Rosales-Ocampo also acknowledges, however, that he has been prescribed medicine to treat these conditions while incarcerated. (*Id.* at 4–5). He additionally received his first dose of the Moderna vaccine on May 6, 2022. (ECF No. 253 at 2).

## II. STANDARD OF REVIEW

Pursuant to the "compassionate release" provision of 18 U.S.C. § 3582, a sentencing court "may reduce the term of imprisonment" of a defendant who has exhausted administrative rights and who shows "extraordinary and compelling reasons [to] warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). A district court maintains discretion to grant or deny such a petition, though the court must "supply specific factual reasons for [its] compassionate release decisions." *Jones*, 980 F.3d at 1101–02; *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021) ("We review a district court's denial of a compassionate release motion for abuse of discretion.").

In *Jones*, the Sixth Circuit set forth a three-step framework for district courts to follow when considering motions for compassionate release. 980 F.3d at 1107–08. Once the movant has met the threshold requirement of exhaustion, *see United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020), the Court must undertake the following three-step inquiry in considering such a motion:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). . . . At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id*.

*Jones*, 980 F.3d at 1107–08 (alterations original).

Each step is a mandatory prerequisite to attaining compassionate release. A movant's failure to satisfy any of the three steps will compel denial of the motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

### III. LAW AND ANALYSIS

#### A. Administrative Exhaustion

Before the Court may examine the merits of a motion for compassionate release, the defendant must have demonstrated that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a [compassionate release] motion on the defendant's behalf or [upon] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also Alam*, 960 F.3d at 832. Mr. Rosales-Ocampo submitted a request to the warden which was denied. (ECF No. 253-1). The Government concedes that Mr. Rosales-Ocampo thus exhausted his administrative remedies. (ECF No. 253 at 3). Accordingly, the Court finds that he has satisfied this threshold requirement.

#### B. Extraordinary and Compelling Reasons

Having found administrative exhaustion, this Court begins the *Jones* three-step inquiry to consider whether he has shown "extraordinary and compelling reasons" warranting a sentence

reduction under 18 U.S.C. § 3852(c)(1)(A)(i). 980 F.3d at 1101. If "extraordinary and compelling reasons" are found, the court also must consider whether "'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" then weigh "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Sixth Circuit recently held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Only a prisoner who is "unable to receive or benefit from a vaccine" or who "present[s] a compelling reason justifying the failure to be vaccinated despite access to the vaccine" may be granted compassionate release "on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *Id.* In other words, the COVID pandemic itself cannot comprise an "extraordinary and compelling" reason in our present post-vaccine landscape "absent extenuating circumstances." *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022).

Mr. Rosales-Ocampo argues that his documented medical conditions make him unusually vulnerable to severe and possibly fatal health outcomes should he contract COVID-19. (ECF No. 251 at 1). He submits that this constitutes an "extraordinary and compelling reason" justifying his release. (*Id.*). But the record reveals that Mr. Rosales-Ocampo is vaccinated, having received his first dose of the Moderna vaccine on May 6, 2022. (*See* ECF No. 253 at 2). He has not otherwise argued or demonstrated that he was "unable to receive or benefit from [the] vaccine," *Lemons*, 15 F.4th at 751, due to his medical conditions or other factors. Even accounting for Mr. Rosales-Ocampo's age and comorbidities, his risk is reduced by the availability of vaccines, which remain effective at preventing the most serious COVID-19 cases.

Therefore, the Court finds that Defendant has not presented "extraordinary and compelling reasons" to justify compassionate release, and it **DENIES** his Motion on that basis.

### C. Applicable Policy Statements

In *Jones*, the Sixth Circuit clarified that "in cases where incarcerated persons file their own motions in district court for compassionate release," as opposed to the Bureau of Prisons moving on the person's behalf, the analysis of applicable policy statements changes. 930 F.3d at 1101. Specifically, where the motion is filed directly by an incarcerated person, § 1B1.13 of the United States Sentencing Guidelines (giving criteria for "extraordinary and compelling") is no longer considered an "applicable" policy statement. *Id*. Accordingly, *Jones* instructs that courts "may skip step two" in those instances "and have full discretion to define 'extraordinary and compelling' without consulting the policy statement." *Id*. at 1111. Because Defendant brings this Motion on his own behalf, the Court need not refer to the policy statement.

### D. Sentencing Factors

This brings the Court to the final step of the *Jones* framework. Because the Court fully considered the sentencing factors in 18 U.S.C. § 3553(a) when it imposed its sentence, and because the mandatory element of "extraordinary and compelling reasons" is lacking, the Court terminates its inquiry without reaching this third step of analysis. *Cf. United States v. Traylor,* 16 F.4th 485, 487 (6th Cir. 2021) ("[B]ecause the district court determined that there was no extraordinary and compelling reason to grant Traylor's motion, it also did not abuse its discretion by denying the motion without addressing whether the 18 U.S.C. § 3553(a) factors support a sentence reduction.").

## IV.    CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's Amended Motion for Compassionate Release. (ECF No. 251).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 22, 2022**

6